IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BONNIE THURSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00832 (WBP) |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, also | ) |
| known as WMATA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court in this negligence action is Defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion *in Limine*. ("Motion'; ECF No. 39.) WMATA moves to exclude certain evidence at trial that relates to (1) WMATA's Standard Operating Procedures ("SOPs"); (2) unrelated incidents, accidents, and lawsuits; and (3) the train operator's personnel and field file. (*Id.*) WMATA also asks the Court (4) to preclude Plaintiff Bonnie Thurston from saying that the Metrorail train experienced a "malfunction" on the day of the incident. (*Id.*)

While not explicitly addressed in the Federal Rules of Evidence,[1] motions *in limine* have been recognized as appropriate vehicles for litigants to ask courts to expressly exclude or allow certain evidence before it is offered at trial. *See Gonzalez v. SeaWorld Parks & Ent. LLC*, No. 4:20CV27 (RCY), 2021 WL 3203535, at *1 (E.D. Va. July 28, 2021). "The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid

---

[1] While the Federal Rules of Evidence do not reference motions *in limine*, these motions have evolved through the courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Ent. Co.*, 628 F. App'x 767 (Fed. Cir. 2016). The court should grant a motion in *limine* only when "the evidence is clearly inadmissible [or clearly admissible] on all potential grounds" because courts are better situated to assess evidence-related issues at trial. *United States v. Verges*, No. 1:13CR222 JCC, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014). If the court has insufficient information to decide pre-trial, it "may reserve judgment [on a motion *in limine*] until trial so that the disputed evidence [can be] placed in the appropriate factual context." *Id.*

1. Standard Operating Procedures

WMATA argues that SOPs that do not relate to re-berthing announcements or announcements for entering a train station should be excluded from trial because they do not establish a national standard of care, they would confuse the jury, and they would create unfair prejudice against WMATA. (ECF No. 40 at 3-4.) Alternatively, WMATA contends that, if the Court determines that a national standard of care does not apply to this case, then none of the SOPs should be admitted because they are irrelevant. (ECF No. 55 at 4-5.) Ms. Thurston argues that WMATA's SOPs should be admitted as evidence of the standard of care. (ECF No. 52 at 7-8.)

As a threshold matter, the Court grants the Motion as it relates to SOPs that are unrelated to announcements about berthing or re-berthing a train, as they are unrelated to any issue in this case. The Court also grants the Motion as it relates to SOPs about berthing or re-berthing announcements—specifically SOPs 40 and 50—but for a different reason. While SOPs 40 and 50 may be related to this case, under well-established Virginia law, an entity cannot, by creating

its own private rules, set the standard of care that it owes to others. *See Virginia Ry. & Power Co. v. Godsey*, 117 Va. 167, 183 (1915). The Fourth Circuit has recognized this well-established Virginia rule and has determined that it is "sufficiently bound-up with state policy so as to require its application in federal court." *See Murphy v. United States*, 383 Fed. Appx. 326, 335 (2010) (holding that procedure manuals cannot be introduced to show standard of care). Thus, the SOPs related to re-berthing announcements and announcements for entering a station must be excluded.[2] All other SOPs are irrelevant under Federal Rule of Evidence 401 and must be excluded as well.

Accordingly, the Court GRANTS in part and DENIES in part WMATA's Motion *in Limine* as it relates to SOPs. While Ms. Thurston's liability expert, Dr. Carl Berkowitz, may rely on WMATA's SOPs, among others, for developing his expert opinion, he may not discuss them and they may not be introduced as evidence in Ms. Thurston's case-in-chief. If WMATA chooses to elicit content-related information about the SOPs from Dr. Berkowitz on cross-examination, the Court will re-review its decision on the admissibility of the SOPs.

2. Prior Accidents and Incidents

WMATA next argues that unrelated incidents, accidents, and lawsuits should be excluded because they have no bearing on WMATA's duty of care and are irrelevant to this case. (ECF No. 40 at 4.) WMATA also argues that the admission of testimony about other incidents and lawsuits would confuse the jury. (*Id.* at 5.) Ms. Thurston contends that other, unrelated incidents

---

[2] This conclusion is inextricably linked to the Court's decision this same day in its summary judgment order that the "national standard of care" does not apply to this action. If the law of the District of Columbia applied—and thus the standard of care was a national one—SOPs 40 and 50 could be admissible as evidence of the standard of care. *Robinson v. Wash. Metro. Transit Auth.*, 941 F. Supp. 2d 61, 68 (D.D.C. 2013), *aff'd* 774 F.3d 33 (D.C. Cir).

are pertinent to this case because they have served as the foundation for WMATA's current practices and procedures. (ECF No. 52 at 9-10.)

Evidence of WMATA's prior accidents, incidents, and lawsuits, is not relevant to whether WMATA was negligent in this instance. Further, "evidence of other accidents can be highly prejudicial." *Jones v. Ford Motor Co.,* 204 F. App'x 280, 286 (4th Cir. 2006). Accordingly, WMATA's Motion *in Limine* is GRANTED as it relates to prior accidents, incidents, and lawsuits.

### 3. Train Operator's Personnel and Field File

WMATA asks the Court to exclude the train operator's work file because it includes topics that are irrelevant to Ms. Thurston's claim. (ECF No. 40 at 5.) WMATA claims that the train operator's personnel file includes internal memoranda related to training and unrelated events, information about the train operator's use of sick time and related notes, the train operator's requests for time off, and reports for unrelated incidents. (*Id.*) Ms. Thurston contends that the train operator's file demonstrates a history of repeated violations, but she has identified no other violations. (ECF No. 10-14.)

The Court GRANTS WMATA's Motion *in Limine* with respect to the train operator's personnel and field file but reserves the right to revisit the issue if Ms. Thurston can establish that some portion of these files contain evidence that contradicts the train operator's trial testimony and, therefore, may be relevant to impeachment.

### 4. "Malfunction" Language

WMATA asks the Court to prohibit Ms. Thurston from using the term "malfunction" to describe the "no-readouts" communication the train experienced. (ECF No. 40 at 6-7.) WMATA contends that the use of the term "malfunction" would have no purpose other than to confuse and

prejudice the jury and would incorrectly make the jury conclude that the Metrorail system is somehow defective. (*Id.*) Ms. Thurston argues that the no-readouts communication is a malfunction and that she should be able to call it that. (ECF No. 52 at 13-14.)

The Court agrees with WMATA. Important to the Court's decision is that no expert has been designated to testify that the train malfunctioned. Instead, that conclusion is simply Ms. Thurston's counsel's opinion, which is irrelevant and prejudicial. Accordingly, the Court GRANTS WMATA's Motion *in Limine* as it relates to the term "malfunction."

Entered this 14th day of March 2025.

Alexandria, Virginia

_____
William B. Porter
United States Magistrate Judge